IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FORESTINA PENNINGTON                                                                 PLAINTIFF

V.                                           NO. 14-5383

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration          DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Forestina Pennington, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

### **I.     Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on February 23, 2012, alleging an inability to work since February 19, 2012, due to asthma, bulging discs in her neck, knee pain, anxiety, depression, and high blood pressure. (Tr. 162-174, 197, 201). An administrative hearing was held on July 19, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 66-90).

By written decision dated October 8, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe –

1

obesity with associated arthralgias and sleep apnea under effective treatment. (Tr. 52). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 55). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a). (Tr. 55). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would be capable of performing her past relevant work as an insurance clerk, which is sedentary, semiskilled work. (Tr. 59).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional information and denied that request on October 28, 2014. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards

v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able

to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC. See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.    Discussion:**

Plaintiff contends the ALJ erred in his determination of severe impairments and in rejecting the opinions of treating physician Dr. Anna Eremieva. (Doc. 9). More specifically, Plaintiff argues that the ALJ erred by failing to find that the following impairments were severe: rheumatoid arthritis; fibromyalgia; degenerative disc disease of the cervical spine with bulging disc C4-C7; degenerative disc disease L5-S1; neuropathy/stocking glove dysesthesia bilateral upper and lower extremities; chronic fatigue; abdominal pain with erosive gastritis; migraine headaches; asthma; and mental impairments – mood disorders, depression, anxiety, and personality disorder.

The Court is not persuaded that Plaintiff met her burden of proving her degenerative disc diseases, chronic fatigue, abdominal pain, migraine headaches, asthma and mental impairments were severe, but finds that after reviewing the entire record as a whole, this matter should be remanded to the ALJ for further consideration and additional findings relating to the rheumatoid arthritis and fibromyalgia.

An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 1520(a)(4)ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to

4

work. 20 C.F.R. §§ 404.1521, 416.921. The Supreme Court has adopted a "de minimis standard" with regard to the severity standard. Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cri. 1989). "While '[s]everity is not an onerous requirement for the claimant to meet …it is also not a toothless standard.'" Wright v. Colvin, 789 F.3d 847, 855 (8th Cir. 2015)(quoting Kirby v. Astrue, 500 F.l3d 705, 708 (8th Cir. 2007).

During the relevant time period, Plaintiff was seen by Dr. Angel Perez on June 25, 2012, of Northwest Arkansas Neuroscience Institute. (Tr. 441). Dr. Perez assessed Plaintiff with muscle aches, generalized (myalgias) and tingling (paresthesia). (Tr. 443). Dr. Perez found the neurological examination was pretty normal and the cervical MRI did not reveal cord stenosis or nerve impingement, but was more likely a diagnosis of fibromyalgia. (Tr. 444). Dr. Perez referred Plaintiff to Dr. Jessica Short, a rheumatologist. (Tr. 444). On September 17, 2012, Dr. Short assessed Plaintiff with arthralgias in multiple sites, muscle aches, generalized (myalgias) and depression. (Tr. 722). Dr. Short reported that Plaintiff might have a component of underlying fibromyalgia, but would not be able to say so until further treatment of possible inflammatory arthritis was initiated. (Tr. 723). On October 22, 2012, Plaintiff was seen again by Dr. Short for a one month follow-up. (Tr. 674). Plaintiff was reported to continue to have pain in her bilateral elbows, shoulders, lower back into her left lateral hips and bilateral ankles. (Tr. 674). Lab tests revealed her SED rate was high (Tr. 676), and Dr. Short diagnosed Plaintiff as follows:

1. Arthralgias in Multiple Sites
2. Rheumatoid Arthritis
3. Serum Enzyme Levels – ALT (SGPT) Elevated
4. Esophageal Reflux

(Tr. 677).  Dr. Short also stated that Plaintiff might have a component of underlying fibromyalgia.  On February 21, 2013, another rheumatologist, Dr. Roy Samson, examined Plaintiff and found Plaintiff had 16/18 fibromyalgia tender points, and noted that Plaintiff had diffuse mild bilateral tenderness to palpation.  He also observed that Plaintiff had better control of her pain while on Meloxicam. (Tr. 736).  On March 15, 2013, Dr. Sampson reported that Plaintiff felt the Meloxicam was not helping and her pain level was reported as 8/10 in severity. (Tr. 770).  He reported that Plaintiff had diffuse mild bilateral tenderness to palpation in her shoulders, moderate bilateral tenderness to palpation in her wrists, and mild bilateral tenderness to palpation in her ankles. (Tr. 772-773).  Dr. Sampson felt that because Plaintiff did not have any active inflammation or synovitis on examination, it seemed that much of her pain could be more likely related to fibromyalgia. (Tr. 774).

The Eighth Circuit has recognized that fibromyalgia is a chronic condition which is difficult to diagnose and may be disabling. Garza v. Barnhart, 397 F.3d 1087, 1089 (8th Cir. 2005)(per curiam). Fibromyalgia "can (like arthritis) cause significant pain and fatigue and it can similarly interfere with a person's ability to carry on daily activities." Cumella v. Colvin, 936 F.Supp. 2d 1120, 1127 (D.S.D. 2013).  Plaintiff complained throughout the relevant time period of severe pain all over her body, and testified as to the pain she experienced in her body. (Tr. 75-81).  On July 5, 2012, Plaintiff reported that any movement, including walking and sitting, brought on pain, and that she had difficulty driving, could not lift anything over five pounds without causing severe pain, and had numbness in her hands and feet and severe fatigue, which made it difficult for Plaintiff to care for her personal needs and from engaging in many daily activities. (Tr. 210, 214).  The Court believes Plaintiff has presented sufficient

6

evidence to support the "de minimis standard" with regard to her rheumatoid arthritis and fibromyalgia, and that they should be considered severe impairments.

With respect to the ALJ's RFC Assessment, he concluded that Plaintiff retained the RFC to perform the full range of sedentary work. (Tr. 55). The ALJ found that he could not give the opinions of Plaintiff's treating physician, Dr. Eremieva, significant weight, because they were inconsistent with Plaintiff's own report of what she was able to do and inconsistent with the doctor's own clinic notes documenting only routine treatment for a number of conditions. (Tr. 58). However, the Court notes that even though the ALJ gave significant weight to the opinion of Dr. Jim Takach, a non-examining consultant who completed a Physical RFC Assessment on May 9, 2012, he did not incorporate the postural and environmental limitations Dr. Takach found in his RFC.

Based upon the foregoing, the Court finds it appropriate to remand this matter to the ALJ in order for him to reconsider Plaintiff's severe impairments in accordance with the Court's opinion above, and to re-evaluate Plaintiff's RFC.

**IV. Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, reverses and remands this matter to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 12th day of January, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE